IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

GMS MANAGEMENT COMPANY, INC.,

      Plaintiff,

-vs-

EVANSTON INSURANCE COMPANY,

      Defendant.

: CASE NO. 1:14 CV 00424
:
:
: <u>MEMORANDUM OPINION AND</u>
: <u>ORDER DENYING THE PLAINTIFF'S</u>
: <u>MOTION FOR REMAND AND</u>
: <u>DENYING THE PLAINTIFF'S</u>
: <u>REQUEST FOR ATTORNEY FEES</u>

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

 This is an insurance coverage dispute between plaintiff GMS Management Company, Inc., ("GMS") and defendant Evanston Insurance Company ("Evanston"). This case was initiated in state court and removed to this court on 24 February 2014. In a motion for remand now before this Court, the plaintiff argues that this matter should be remanded because Evanston waived its right of removal. The plaintiff further argues it is entitled to attorney fees. For the reasons that follow, the Court disagrees on both counts. The plaintiff's motions will accordingly be denied.

"The right of removal of a suit from state court to federal court is a statutory right." Regis Associates v. Rank Hotels (Mgmt.) Ltd., 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441). "A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute." Id. "If the requirements of the removal statute are met, the right to removal is absolute." However, as noted by the plaintiff, the right to removal may be waived, but, for such a waiver to be effective, it "must be clear and unequivocal." Id.

In this instance, the parties do not dispute that removal jurisdiction is proper; the only question is whether Evanston effectively waived its right to remove. In order to resolve this question, the Court must turn to and interpret the language of the insurance contract. In doing so, the Court "give[s] the terms of the contract their plain and natural meaning" and "give[s] meaning to every paragraph, clause, phrase, and word." St. Marys Foundry, Inc. v. Employers Ins. Of Wausau, 332 F.3d 989, 992-93 (6th Cir.2003) (citations omitted) (applying Ohio law). Ambiguous terms are "construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co., 35 Ohio St.3d 208, 519 N.E.2d 1380, 1383 (1988) (citations omitted).

In support of its position that removal was improper, GMS directs the Court's attention to the following language contained in the Service of Suit clause of the parties' contract:

> ... it is agreed that in the event of the failure of the [insurer] hereon to pay any amount claimed to be due hereunder, the [insurer] hereon, at the request of the Named Insured will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

2

The plaintiff contends that because GMS agreed to "submit to the jurisdiction of any court of competent jurisdiction," it explicitly waived its right of removal. The plaintiff cites a number of cases which it claims support this interpretation. For instance, in one case, an insurer promised to "submit to the jurisdiction of any court of competent jurisdiction" and "accept the final decision of that court or any Appellate Court in the event of an appeal." Sestech Envtl. LP v. Westchester Surplus Lines Ins. Co., No. 1:08CV2417, 2009 WL 233620, at *1 (N.D. Ohio Jan. 30, 2009). The Sestech court concluded that "removal is logically inconsistent with this promise," and the plaintiff's motion for remand was granted. Id.

The defendant, in response, argues that the contract language cited by the plaintiff does not operate as a clear and unequivocal waiver because in the same Service of Suit clause, Evanston expressly reserved its right to remove. The pertinent contract language is as follows:

> Nothing in this Clause constitutes nor shall be understood to constitute a waiver of the [insurer's] right to commence an action in any court of competent jurisdiction in the United States, to remove an action to United States District Court or to seek a transfer of a case to another court, as permited by the law of the United States or of any State in the United States.

In support of its position that this language acts as an unambiguous reservation of the right to removal, Evanston cites Ashland Partnership III v. Pacific Ins. Co., 2000 WL 1671501 (N.D. Ill Nov. 3, 2000). In that case, similar to the present case, the insurer agreed to "submit to the jurisdiction of any court of competent jurisdiction," while "specifically reserv[ing] the right to remove any suit brought under this policy to a Federal Court of the United States." Id. at *2. The court in Ashland found nothing inconsistent with the idea that an insurer might agree to submit to the jurisdiction of a

3

state court while reserving the right to remove the matter to federal court. As such, the Ashland court concluded that waiver was not clear and unequivocal. The plaintiff's motion for remand was accordingly denied.

Having duly considered the issue in light of the case law presented by the parties, the Court concludes that Evanston has the more persuasive argument. Evanston clearly reserved its right of removal when it stated that "[n]othing in this Clause constitutes nor shall be understood to constitute a waiver of the [insurer's] right to . . . remove an action to United States District Court." Consistent with the reasoning in Ashland, this Court concludes that Evanston's promise to submit to the jurisdiction of any court of competent jurisdiction does not make the Service of Suit clause ambiguous. As suggested by the Sixth Circuit, the only reasonable interpretation of a Service of Suit clause such as this is that it permits GMS to choose the state in which litigation will take place, and Evanston will submit to *in personam jurisdiction* in that state while reserving the right to remove to federal court. See In re Delta Am. Re Ins. Co., 900 F.2d 890, 893-94 (6th Cir. 1990).

The cases cited by GMS in support of its position are inapposite, since none of them contain language providing an express reservation of the right of removal. The Court further rejects GMS's contention that Evanston's reservation of the right to removal applies to suits brought by the insurer and not by the insured. There is no textual basis for this interpretation, and, even if there were, the result would be non-sensical, since the right of removal belongs exclusively to defendants. See 28 U.S.C. § 1441 ("any civil action brought in a State court of which the district courts of the United

4

States have original jurisdiction, may be removed by the defendant or the defendants. . . .").

In sum, the Court concludes that Evanston did not clearly and unequivocally waive its right of removal. Therefore, the plaintiff's motion for remand is denied. The plaintiff's motion for attorney fees is likewise denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: 17 February 2015